UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JEFF A. ODEGAARD, <br><br> Plaintiff, <br><br> v. <br><br> VCA CROWN HILL ANIMAL HOSPITAL, <br><br> Defendant. | CASE NO. C09-0740JLR <br><br> ORDER GRANTING MOTION TO DISMISS |

## I. INTRODUCTION

This matter comes before the court on Defendant VCA Crown Hill Animal Hospital's ("VCA Animal Hospital") motion to dismiss for want of prosecution or for failure to commence action (Dkt. # 20). Plaintiff Jeff A. Odegaard has not filed a

ORDER- 1

response to the motion.[1] Having considered the motion, as well as all papers filed in support and the balance of the record, and deeming oral argument unnecessary, the court GRANTS the motion and DISMISSES this action.

## II. BACKGROUND

On May 27, 2008, Plaintiff Jeff A. Odegaard filed a complaint in King County Superior Court alleging employment discrimination in violation of the Americans with Disabilities Act. (*See* Compl. (Dkt. # 1).) Mr. Odegaard served the summons and complaint on VCA Animal Hospital on April 27, 2009. (Not. of Removal (Dkt. # 1) ¶ 3.) VCA Animal Hospital removed the action to this court. The nature of Mr. Odegaard's employment discrimination claims remains vague, and the court has not previously addressed the substantive merits of these claims.

On January 8, 2010, the court held a hearing on VCA Animal Hospital's motion to compel discovery. (Dkt. # 16.) Mr. Odegaard did not respond to the motion to compel and did not attend the hearing. At the hearing, the court granted in part and denied in part the motion to compel, and ordered Mr. Odegaard to respond to VCA Animal Hospital's discovery requests by noon on January 15, 2010. (*Id.*) The court further ordered that, in the event Mr. Odegaard did not comply with the discovery deadline, VCA Animal

---

[1] The deadline for Mr. Odegaard to respond was extended in accordance with Federal Rule of Civil Procedure 6(d) because VCA Animal Hospital served the motion to dismiss by mail under Rule 5(b)(2)(C). (Am. Certificate of Service (Dkt. # 22).) Nevertheless, Mr. Odegaard has not filed any response even within the extended period. Further, pursuant to Local Rules W.D. Wash. CR 7(b)(2), the failure to file an opposition "may be considered by the court as an admission that the motion has merit."

Hospital was authorized to file a motion to dismiss on a seven-day calendar. (*Id*.) The court mailed a copy of the hearing minutes to Mr. Odegaard. (Dkt. # 17.)

Mr. Odegaard did not comply with the discovery deadline and VCA Animal Hospital now moves to dismiss this action. Mr. Odegaard has neither responded to the motion to dismiss nor filed any other response with the court. On January 16, 2010, Mr. Odegaard advised counsel for VCA Animal Hospital via email that he will have no direct contact with her in the future but is "so looking forward to seeing you in court!" (Declaration of Sheehan Sullivan Weiss, dated January 22, 2010 (Dkt. # 25), Ex. A.) On January 22, 2010, Mr. Odegaard again emailed counsel for VCA Animal Hospital, indicating that he was "working on getting some documents together" for her and recommending that VCA Animal Hospital settle this case. (*Id*., Ex. B.)

### III. ANALYSIS

Federal Rule of Civil Procedure 37(d)(2)(A) provides that the court may dismiss the action as a sanction where a party fails to obey an order to provide or permit discovery. In a similar vein, Rule 41 provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b).

> In determining whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits.

*Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002); *see Porter v. Martinez*, 941 F.2d 732, 733 (9th Cir. 1991); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987).

Here, the court finds that the relevant factors weigh in favor of dismissal. First, "[t]he public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). Given Mr. Odegaard's failure to comply with discovery deadlines, failure to respond to VCA Animal Hospital's motions and the court's order, and failure to attend a court hearing, the first factor weighs in favor of dismissal.

Second, "[i]t is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants." *Pagtalunan*, 291 F.3d at 642. This factor weighs in favor of dismissal as Mr. Odegaard failed to comply with this court's order. Furthermore, Mr. Odegaard's communications with counsel for VCA Animal Hospital have become increasingly inappropriate and threatening. (*See* Declaration of Sheehan Sullivan Weiss, dated January 7, 2010 (Dkt. # 15), Ex. A.) The court is entrusted not only with managing its docket, but also with supervising the court-related interactions of the parties. Mr. Odegaard's behavior falls far outside the range of appropriate communications and undermines the orderly management of this action.

Third, "[t]o prove prejudice, a defendant must establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." *Pagtalunan*, 291 F.3d at 642. Mr. Odegaard has not come forward with any explanation for his failure to comply with discovery deadlines and this court's

order.  As the Ninth Circuit teaches, "[u]nnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," *id*. at 643, and "[f]ailure to produce documents as ordered . . . is considered sufficient prejudice," *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990).  On this record, the court finds that Mr. Odegaard's delay was unreasonable and that this factor weighs in favor of dismissal.  Absent Mr. Odegaard's participation in the discovery process, VCA Animal Hospital has little ability to investigate the vague allegations of his complaint, evaluate defenses, or identify relevant witnesses or evidence.  Additionally, the court is mindful that Mr. Odegaard's failure to comply with discovery deadlines has increased the burdens on VCA Animal Hospital, both financial and otherwise, by forcing it to file a motion to compel and a motion to extend the discovery deadline.  Ordinarily, the court's decision to grant a motion to compel would have been accompanied by an award of attorney's fees and costs.  *See* Fed. R. Civ. P. 37(a)(5).  The court determined, however, that other circumstances made such an award unjust.  As a consequence of this determination, VCA Animal Hospital was not able to recover its reasonable expenses incurred in its effort to make Mr. Odegaard comply with the discovery rules.

      Fourth, the court is hard-pressed to identify a sanction less drastic than dismissal that would accomplish the necessary result. Rule 37 enumerates a range of possible alternative sanctions, but none appears appropriate on the facts presented.  This is not the type of case where a court order either (1) directing that certain facts be taken as established or (2) prohibiting Mr. Odegaard from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence, would function as

a viable sanction. Mr. Odegaard's claims remain so nebulous even at this stage of the litigation as to make it next to impossible to single out particular facts, claims, or defenses upon which to fashion a less drastic sanctions order under Rule 37(b)(2)(A)(i) or (ii). Likewise, striking Mr. Odegaard's complaint in whole or in part would have little to no effect in light of the cursory nature of the complaint, which already raises concerns under the pleading standards articulated by the Supreme Court in *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937 (2009), and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The court also views a stay of proceeding as ineffective here. Mr. Odegaard has had adequate time to satisfy his discovery obligations, and his failure to attend the hearing, to comply with the court's order, and to respond to VCA Animal Hospital's motions demonstrates that he has no interest in prosecuting this action in a constructive and orderly manner. A stay of proceedings would only compound the prior delays and thereby reward, rather than sanction, Mr. Odegaard for his behavior. Finally, the court deems inappropriate the imposition of monetary sanctions or entry of a default judgment, as well as other lesser sanctions, on the present record. This factor weighs in favor of dismissal.

  The court notes that it forewarned Mr. Odegaard that his failure to comply with the January 15, 2010 discovery deadline would trigger VCA Animal Hospital's ability to file a motion to dismiss on the court's seven-day calendar. Mr. Odegaard thus had every reason to anticipate that his failure to comply with the court's order would run the risk that this action would be dismissed.

Fifth, the interest in adjudicating this action on the merits weighs against dismissal because "[p]ublic policy favors disposition of cases on the merits." *Pagtalunan*, 291 F.3d at 643. This is the only factor that weighs against dismissal.

On balance, in the exercise of its discretion, the court finds that dismissal is the appropriate sanction to address Mr. Odegaard's failure to comply with this court's January 8, 2010 order. The court thus grants VCA Animal Hospital's motion to dismiss. In light of this conclusion, the court need not reach the issue of whether Mr. Odegaard's complaint must be dismissed for failure to commence this action within 90 days, as argued by VCA Animal Hospital.

## IV. CONCLUSION

For the foregoing reasons, the court GRANTS VCA Animal Hospital's motion to dismiss (Dkt. # 20) and DISMISSES this action.

Dated this 25th day of January, 2010.

JAMES L. ROBART
United States District Judge