UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JEFF A. ODEGAARD,<br><br>           Plaintiff,<br><br>     v.<br><br>VCA CROWN HILL ANIMAL HOSPITAL,<br><br>           Defendant. | CASE NO. C09-0740JLR<br><br>ORDER GRANTING MOTION FOR RELIEF UNDER RULE 60(B)(1) AND (6) |

## I.   INTRODUCTION

This matter comes before the court on Plaintiff Jeff A. Odegaard's "Response on Motion to Dismiss, Request to Reconsider" (Dkt. # 29). Mr. Odegaard requests that the court rescind its order and judgment dismissing this action. Having considered the motion, as well as all papers filed in support and opposition, and deeming oral argument unnecessary, the court GRANTS the motion (Dkt. # 29) pursuant to Federal Rule of Civil

ORDER- 1

Procedure 60(b)(1) and (6) and VACATES its order and judgment dismissing this action (Dkt. ## 26, 28).

## II.   BACKGROUND

The present motion arrives in the wake of the court's dismissal of this action for want of prosecution on the part of Mr. Odegaard.  (*See* Order Granting Mot. to Dismiss (Dkt. # 26).)  As the parties are familiar with the background of this case, the court will not repeat it in full here.

On May 27, 2008, Mr. Odegaard, proceeding *pro se*, filed a complaint against Defendant VCA Crown Hill Animal Hospital ("VCA Animal Hospital") alleging employment discrimination in violation of the Americans with Disabilities Act.  (*See* Compl. (Dkt. # 1).)  On December 23, 2009, VCA Animal Hospital filed a motion to compel discovery after Mr. Odegaard stopped participating meaningfully in the discovery process.  (Dkt. # 11.)  Mr. Odegaard did not file a response to the motion to compel.  On January 8, 2010, the court held a hearing on the motion to compel.  (Dkt. # 16.)  Mr. Odegaard did not attend the hearing.  (*Id.*)  The court granted the motion to compel; ordered Mr. Odegaard to complete his responses to VCA Animal Hospital's first set of interrogatories by January 15, 2010; and authorized VCA Animal Hospital to file a motion to dismiss if Mr. Odegaard did not comply with these discovery deadlines.  (*Id.*)  Mr. Odegaard did not file his interrogatory responses.  On January 15, 2010, VCA Animal Hospital filed a motion to dismiss for want of prosecution.  (Dkt. # 20.)  Mr. Odegaard did not respond to the motion to dismiss.  On January 25, 2010, the court

1  granted the motion to dismiss (Dkt. # 26), dismissed this action for want of prosecution
2  (*id.*), and entered judgment (Dkt. # 28).
3       On March 31, 2010, Mr. Odegaard filed the present motion, requesting that the
4  court reconsider its dismissal of this action. (Dkt. # 29.) The court directed VCA Animal
5  Hospital to file a response to Mr. Odegaard's motion under the legal standard of Rule
6  60(b). (Dkt. # 30.)

### III.   ANALYSIS

**A.   Motion for Reconsideration**

A motion for reconsideration must be filed within 14 days after the order to which it relates is filed. Local Rules W.D. Wash. CR 7(h)(2). Here, Mr. Odegaard's motion is untimely to the extent it is treated as a motion for reconsideration. The court granted VCA Animal Hospital's motion to dismiss and entered judgment on January 25, 2010. Mr. Odegaard did not file the present motion until March 31, 2010, which is substantially beyond the 14-day window specified in Local Rule CR 7(h)(2). Therefore, because the motion was not filed within 14 days, the court DENIES the motion to the extent it seeks relief under Local Rule CR 7(h).

**B.   Motion to Vacate**

The court will also construe Mr. Odegaard's motion as a motion for relief under Rule 60(b)(1) and (6) as he seeks relief from the court's order dismissing his case and the resulting judgment. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (*pro se* pleadings and briefs are liberally construed). Rule 60(b) provides that the court may relieve a party from a final judgment or order for "mistake, inadvertence,

1  surprise, or excusable neglect" or "any other reason that justifies relief." Fed. R. Civ. P.
2  60(b)(1) & (6).

3      1.  Excusable Neglect

4  "Excusable neglect 'encompass[es] situations in which the failure to comply with
5  a filing deadline is attributable to negligence,' and includes 'omissions caused by
6  carelessness.'" *Lemoge v. United States*, 587 F.3d 1188, 1192 (9th Cir. 2009) (quoting
7  *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 388, 394 (1993)).  The
8  court's determination is an equitable one based on the totality of the circumstances.  *Id*.
9  To determine when neglect is excusable, the court must follow the equitable analysis
10  specified by the Supreme Court in *Pioneer* by examining four non-exclusive factors: (1)
11  the danger of prejudice to the opposing party; (2) the length of the delay and its potential
12  impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted
13  in good faith.  *Id*.; *see Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir.
14  1997).

15  First, the court finds that VCA Animal Hospital would likely suffer some
16  prejudice if the court grants Mr. Odegaard's motion because it would have to
17  recommence litigating this case at additional expense and after a delay of several months.
18  The court declines, however, to consider the merits of VCA Animal Hospital's contention
19  that it would be particularly prejudiced on the theory that Mr. Odegaard's claims are
20  time-barred.  *See* 42 U.S.C. § 2000e-5(f)(1); *Nelmida v. Shelly Eurocars, Inc.*, 112 F.3d
21  380, 383 (9th Cir. 1997).  This argument may prove meritorious in due course, but the
22

court will not evaluate it in the context of the present motion without the benefit of responsive briefing from Mr. Odegaard.[1]  This factor weighs against granting the motion.

Second, the court finds that the length of delay and its potential effect on the proceedings is meaningful, although not substantial.  Mr. Odegaard filed the present motion over two months after the court dismissed this action.  Two months is not an egregious delay, and it is within the one-year window of Rule 60(c).  Nevertheless, the court is mindful that Mr. Odegaard essentially ceased participating in this action in late 2009.  Granting Mr. Odegaard's motion would require the reopening of discovery, a continuance of the original trial date of June 1, 2010, and extensions of numerous pre-trial deadlines.  This factor also weighs against granting the motion.

Third, the court finds that Mr. Odegaard has presented a sound reason for his delay, *i.e.*, that he suffered from the adverse effects of bipolar disorder during December 2009 and January 2010.  (Mot. at 1.)  Specifically, Mr. Odegaard explains that he was "mentally unstable" and "full blown manic" in December 2009, and that he was involuntarily hospitalized in December 2009 and part of January 2010.  (*Id.*)  In support of this explanation, Mr. Odegaard submits a copy of a December 30, 2009 order of the King County Superior Court committing him for involuntary treatment.  (*Id.* at 3.)  The order places Mr. Odegaard on less restrictive treatment and provides that he shall reside at a specific address, take all medications as prescribed, and comply with other requirements for a period not to exceed 90 days.  (*Id.* at 4.)  The court notes that it

---

[1] VCA Animal Hospital may, of course, file a motion raising this argument or others, if appropriate.

ORDER- 5

possesses no expertise regarding bipolar disorder.  It appears plain, however, that Mr. Odegaard's communications with counsel for VCA Animal Hospital in December 2009 and January 2010 were increasingly erratic and troubling.  This would seem to confirm Mr. Odegaard's explanation for his failure to participate constructively in this litigation and suggests that he was not in a position to respond to VCA Animal Hospital's motion and the court's orders in an appropriate manner at that time.  Furthermore, although VCA Animal Hospital correctly notes that Mr. Odegaard communicated with counsel for VCA Animal Hospital by email in January 2010, the court is not persuaded that these communications demonstrate that he has not shown a sound reason for delay.  This factor weighs heavily in Mr. Odegaard's favor.

Fourth, the court has little means to evaluate whether Mr. Odegaard has acted in good faith.  The court agrees with VCA Animal Hospital that Mr. Odegaard's actions throughout the course of this lawsuit—such as his failure to respond to discovery requests, his failure to appear at a scheduled hearing, and his failure to notify the court about his unavailability—suggest that Mr. Odegaard may have acted in bad faith on occasion.  Nevertheless, the court is not in a position to accurately assess which of Mr. Odegaard's actions may have been affected by his bipolar disorder.  This factor thus carries little weight for present purposes.

Fifth, the court finds that Mr. Odegaard will suffer prejudice if the court denies his motion.  Prejudice to the movant is not one of the four *Pioneer-Briones* factors, but it is an appropriate consideration in this case.  Public policy favors disposition of cases on their merits, and Mr. Odegaard has an interest in having the opportunity to present his

claims and having the court review the merits of those claims.  In its prior order, the court dismissed Mr. Odegaard's case for failure to prosecute without considering the merits of Mr. Odegaard's claims.  Absent relief, therefore, Mr. Odegaard will suffer prejudice by not having the opportunity to have his claims considered on the merits.

On balance, the equities of this case require the court to grant Mr. Odegaard's motion pursuant to Rule 60(b)(1) on the ground of excusable neglect.  Likewise, to the extent this motion is properly construed as brought under Rule 60(b)(6), the court concludes that Mr. Odegaard has shown sufficient reason to justify relief, as discussed above.

In reaching this decision, the court recognizes the burden it places on VCA Animal Hospital and acknowledges the professionalism that counsel for VCA Animal Hospital has demonstrated throughout the course of this action.  The court forewarns Mr. Odegaard that future, unwarranted delays will not be tolerated, that he must hold himself to a respectful standard of conduct in his interactions with counsel for VCA Animal Hospital, and that the court will not postpone ruling on motions if Mr. Odegaard fails to comply with appropriate deadlines absent a specific showing of good cause.

## IV.   CONCLUSION

For the foregoing reasons, the court GRANTS Mr. Odegaard's motion pursuant to Rule 60(b)(1) and VACATES its order and judgment dismissing this action (Dkt. ## 26, 28).  The parties shall meet and confer and submit a joint status report within 15 days of the entry of this order.

Dated this 10th day of May, 2010.

JAMES L. ROBART
United States District Judge